# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10374
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRILL KENYON RUSSELL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CR-18-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Jerrill Kenyon Russell pleaded guilty to one count of possession of a firearm by a convicted felon. The district court sentenced Russell to 180 months in prison pursuant to the Armed Career Criminal Act (ACCA). As he did in the district court, Russell argues that his prior Texas conviction for burglary of a building was not a crime punishable by imprisonment for a term exceeding one year and could not be used to support application of the ACCA

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10374

enhancement in 18 U.S.C. § 924(e)(2)(B) (i)-(ii) and U.S.S.G § 4B1.4.  We review "the district court's interpretation and application of the [ACCA] *de novo*." *United States v. Harrimon*, 568 F.3d 531, 533 (5th Cir. 2009).

Russell concedes that he was convicted of burglary of a building, an offense that is a state jail felony and punishable by imprisonment for no more than two years and no less than 180 days.  Texas Penal Code § 12.44(a) provides discretion, however, for a court to punish a defendant convicted of a state jail felony by imposing a sentence as if the offense were a Class A misdemeanor.  Russell's sole argument is that because he was sentenced under § 12.44(a), his offense was not a felony because it was not punishable by a term of imprisonment exceeding one year.  In *Harrimon*, we held that a conviction was a "violent felony" under 18 U.S.C. § 924(e)(2)(B) because the offense's statutory maximum was two years in prison, even though the sentencing court exercised its discretion to allow the offense to be punished as a misdemeanor under § 12.44.  *Harrimon*, 568 F.3d at 533 n.3.  Russell's argument is without merit.

The Government's motion for summary affirmance is GRANTED.  The motion for an extension of time in which to file a brief is DENIED.  The judgment of the district court is AFFIRMED.